# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GREGORY GEORGE SAMUDA,   Movant, | :: :: :: | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | :: :: | CRIMINAL NO. 1:11-CR-0484-WBH-RGV-1 |
| UNITED STATES OF AMERICA,   Respondent. | :: :: :: | CIVIL ACTION NO. 1:13-CV-4016-WBH-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Gregory George Samuda's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 40]. For the following reasons, it is **RECOMMENDED** that Samuda's § 2255 motion be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.[1]

## I. PROCEDURAL HISTORY

Pursuant to a negotiated plea agreement, Samuda pleaded guilty to conspiracy to possess with intent to distribute 5-Methoxy-N, N-diisopropyltryptamine ("Foxy"), Benzylpiperazine ("BZP"), and 3, 4-Methylenedioxyamphetamine ("MDA"), in

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

violation of 21 U.S.C. §§ 841(b)(1)(C) and 846 ("Count One"); possession with intent to distribute Foxy, BZP, and MDA, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2 ("Count Two"); and illegally reentering the United States after having previously been deported and removed, in violation of 8 U.S.C. §§ 1326(a) and (b)(2) ("Count Three"). [Docs. 1, 4-1]. The plea agreement included a limited waiver of appeal, which provides that Samuda

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Samuda] may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.

[Doc. 4-1 at 12]. This provision of the plea agreement further provides that Samuda may file a cross appeal if the government appeals the sentence. [Id.]. Samuda signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

[Id. at 14-15].

At the plea hearing, Samuda was placed under oath and confirmed that he had not recently consumed any alcohol or drugs. [Doc. 28 at 4-5]. Samuda also affirmed

2

that he had sufficient time to consider and discuss the matter with his attorney before entering his plea and that he was satisfied with counsel's representation. [Id. at 6-7]. The Court explained to Samuda the rights he was giving up in pleading guilty, and Samuda stated that he understood. [Id. at 8-9]. The Court then reviewed the terms of the appeal waiver, stating that Samuda was agreeing "that unless [the Court] fix[es] a sentence that is higher than the guidelines, [Samuda is] not going to appeal the sentence . . . unless, of course, the government chose to appeal" and that Samuda also "will not at some later time attack the conviction and sentence in this case." [Id. at 9-10]. Samuda agreed that he understood the effect of the appeal waiver. [Id. at 10]. Samuda also acknowledged that no one had threatened or forced him to plead guilty and that no one had promised him a particular sentence or anything not contained in the plea agreement. [Id.].

Samuda understood that he faced possible maximum sentences of thirty years of imprisonment on Counts One and Two and another twenty years on Count Three. [Id. at 11-12]. Samuda confirmed that he had discussed the United States Sentencing Guidelines with his attorney and how they might apply in his case. [Id. at 7]. Samuda acknowledged that he could not later withdraw his plea even if he felt his sentence was unfair or more severe than he expected. [Id. at 13].

3

Next, the prosecutor described the elements of the offenses and summarized what the evidence would show if the case went to trial. [Id. at 13-17, 19-20]. Samuda stated that he understood the elements of the offense as charged in the indictment, agreed with the facts as related by the prosecutor and his attorney, and admitted that he was guilty as charged in all three counts. [Id. at 15, 17-18, 20-23]. Specifically, Samuda agreed that authorities in Canada seized drugs that were destined for Atlanta, that agents performed a controlled delivery of the drugs, that someone contacted Samuda to pick up the package, and that he claimed the package and agreed to cooperate with the agents. [Id. at 17-18]. Samuda knew the package contained drugs, but did not know what type or the amount. [Id. at 18]. Samuda also admitted that, two months later, DeKalb County authorities arrested him for a traffic violation and found drugs in his trunk. [Id. at 20]. Samuda confirmed that he is a citizen of Jamaica, that he returned to the United States in 2005 after having been deported in 2000, and that he did not have permission from the proper authorities when he returned. [Id. at 21]. The Court accepted Samuda's plea. [Id. at 25].

At the sentencing hearing, the Court determined that Samuda's guideline range was 188 to 235 months of imprisonment. [Doc. 22 at 29]. The Court imposed a total sentence of 170 months of imprisonment. [Id. at 30; Doc. 12]. The Court reminded Samuda that he had agreed not to file a direct appeal or a collateral attack of his

4

sentence and that the only exception to that waiver, a sentence higher than the applicable guidelines range, did not apply because his sentence was eighteen months below that range. [Doc. 24 at 4, 7].

Samuda filed a timely pro se notice of appeal. [Doc. 13]. Counsel moved to withdraw and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). [Doc. 37]. The United States Court of Appeals for the Eleventh Circuit conducted an "independent review of the entire record" and found that "counsel's assessment of the relative merits of the appeal [was] correct." [Id.]. Accordingly, on November 28, 2012, the Eleventh Circuit found no issues of arguable merit and affirmed Samuda's convictions and sentences. [Id.].

On December 2, 2013, Samuda timely filed this pro se § 2255 motion. [Doc. 40]. As grounds for relief, Samuda asserts that: (1) he received ineffective assistance of counsel during sentencing when counsel failed to investigate and object that Samuda did not become a part of the conspiracy until he was contacted to pick up the shipment and thus, should only be held responsible for the amount of drugs that arrived in Atlanta, rather than the total amount seized in Canada ; and (2) counsel was also ineffective for declining to file a notice of appeal when Samuda requested it and for not briefing a viable issue, namely the sentencing issued presented in ground one. [Id. at 4; Doc. 40-1 at 4-11].

5

## II.  DISCUSSION

A. **General Standards**

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

B. **Appeal Waiver**

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005) (citation

6

omitted). "[F]or a sentence-appeal waiver to be enforceable, '[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver.'" Id. (citation omitted). "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes [a collateral attack upon] the sentence through a claim of ineffective assistance of counsel during sentencing." Id. at 1342.

At the plea hearing, the Court specifically questioned Samuda about the appeal waiver, and it is clear that Samuda understood the full significance of the waiver. [Doc. 28 at 9-10]. Thus, the undersigned finds that Samuda knowingly and voluntarily waived his right to appeal his convictions and sentences and to pursue any other collateral post-conviction relief. The only exceptions to this waiver, i.e., a government appeal or a sentence that exceeds the guideline range as calculated by the Court, do not apply here. Therefore, Samuda's ineffective assistance of counsel claims are barred by his valid appeal waiver. See Williams, 396 F.3d at 1341-42 (concluding that a valid appeal waiver precludes claims that counsel was ineffective during sentencing); Hintz v. United States, Nos. 1:03-CR-131-CC-CCH, 1:08-CV-758-CC-CCH, 2012 WL 315280, at *12 (N.D. Ga. Jan. 5, 2012) (finding that ineffective assistance of appellate

7

counsel claims were barred by defendant's valid appeal waiver because they did "not concern matters that have any bearing on the validity of the plea agreement or appellate waiver"), report and recommendation adopted by, 2012 WL 315101, at *1 (Feb. 1, 2012).

### C.     Counsel's Assistance on Appeal

Even assuming that the appeal waiver does not bar Samuda's claims that counsel was ineffective on appeal, such claims lack merit. The standard for evaluating ineffective assistance of appellate counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). See Eagle v. Linahan, 279 F.3d 926, 938 (11th Cir. 2001) (applying Strickland to allegations of ineffective assistance of appellate counsel). The analysis is two-pronged, but a court need not address both prongs "if the defendant makes an insufficient showing on one." Id. at 697. First, a defendant asserting a claim of ineffective assistance of counsel must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) (citation omitted)

("We also should always presume strongly that counsel's performance was reasonable and adequate. . . .").

In order to meet the second prong of Strickland, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. In order to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; see also Eagle, 279 F.3d at 943 ("To determine whether the [unreasonable] failure to raise a claim on appeal resulted in prejudice, we review the merits of the omitted claim.").

Samuda cannot show prejudice based on counsel's failure to file a notice of appeal and failure to brief the sentencing issue presented in ground one. Samuda timely filed a pro se notice of appeal, [Doc. 13], and "has entirely failed to demonstrate," or even explain, "how he suffered any prejudice" merely because counsel did not do so. Dunn v. United States, Nos. CV 112-001, CR 110-358, 2013 WL 1207552, at *10 (S.D. Ga. Feb. 28, 2013), report and recommendation adopted by, 2013 WL 1208103, at *1 (Mar. 25, 2013). In fact, it is impossible for Samuda to

9

demonstrate prejudice because the Eleventh Circuit conducted an independent review of the entire record and found no issues of arguable merit. See [Doc. 37]; Dunn, 2013 WL 1207552, at *10. As discussed in section II.A., the sentencing issue presented in ground one is barred by Samuda's valid appeal waiver. See Williams, 396 F.3d at 1341-42. Thus, Samuda suffered no prejudice based on counsel's failure to raise this meritless issue on appeal. Eagle, 279 F.3d at 943.

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Based on the foregoing

discussion of Samuda's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons,  **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 40], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 13th day of January, 2014.

*[signature: Russell G. Vineyard]*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

11