IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GREGORY GEORGE SAMUDA, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:11-CR-0484-WBH |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-4016-WBH |

## ORDER

This matter is now before the Court for consideration of the Report and Recommendation, [Doc. 42], (R&R) in which, after performing a preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Magistrate Judge recommends that the instant 28 U.S.C. § 2255 motion to vacate, [Doc. 40], be **DENIED** based on his conclusions that Movant's valid appeal waiver precludes him from collaterally attacking his sentence and, even if the waiver were not valid, Movant cannot demonstrate prejudice to establish his sole claim of ineffective assistance of counsel.

In his objections, Movant first contends that his appeal waiver does not apply if his sentence is increased because of a variance from the sentencing guideline range calculated by the Court. However, this Court did not vary upward from the calculated guideline range. As correctly recited by the Magistrate Judge, this Court calculated

AO 72A
(Rev.8/82)

the sentencing guideline range to be 188 to 235 months of imprisonment, [Doc. 22 at 29], and then imposed a sentence of 170 months, eighteen months below the lower end of the guideline range. The fact that the guideline range was longer because this Court attributed certain amounts of drugs that were seized in Canada to Movant because of his involvement in a conspiracy does not constitute a variance.

Movant next argues that the Magistrate Judge erred in concluding that he cannot establish his claim of ineffective assistance of appellate counsel because counsel refused to file a notice of appeal. This Court concedes that a direct appeal is a matter of right and that Movant's counsel had a clear duty to consult with Movant about an appeal and to file an appeal if Movant so desired. Thompson v. United States, 504 F.3d 1203, 1207-08 (11th Cir. 2007). However, the only relief that Movant would be entitled to if he were to establish that his counsel failed to file an appeal despite Movant's request that he do so would be an out-of-time appeal. Here, Movant filed a pro se notice of appeal, after which trial counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) and was granted leave to withdraw. [Doc. 37 at 2]. The Eleventh Circuit conducted an "independent review of the entire record," and concluded that "counsel's assessment of the relative merits of the appeal [was] correct," affirming Movant's convictions and sentences. [Id.]. Put simply, Movant

AO 72A
(Rev.8/82)

got his appeal, and he thus cannot demonstrate that he was prejudiced by his counsel's failure to file an appeal.

After *de novo* review, this Court finds that the R&R's findings and conclusions are correct. As such, the R&R, [Doc. 42], is hereby **ADOPTED** as the order of this Court. Movant's 28 U.S.C. § 2255 motion to vacate, [Doc. 40], is **DENIED** pursuant to Rule 4(b). For the reasons stated in the R&R, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED,** this 7th day of February, 2014.

_____
WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)